Mr. Justice Humphreys
delivered the opinion of the court:
We think that in the ralingof the circuit judge there was no error.
The motion in arrest of judgment is heard in general term now in the first instance. The words spoken by the defendant and charged in the declaration are, “ I saw her (the plaintiff) in bed with Captain Denty.” It has been settled, that, at common law, words which if true would subject the accused to infamous punishment, or to an indictment for a crime involving moral turpitude, are in themselves actionable without averment or proof of special damage. The rule must have been so settled on the ground that, as between men, a charge made by one against another could result in no serious injury, as a general rule, unless the charge if true would subject the party of whom the words were spoken to the incon *298 venience and danger of an indictment in which, the public would be arrayed against him. It may be true that a man suffers no real damage from words which, if true, would not and could not be followed by an indictment and punishment. Be the reason what it may, we find the rule and cannot depart from it. Rude as the generation that established the rule may be thought to have been, it probably did not occur to them that the same rule would come to be applied in a more refined age so as to protect the defamer of woman’s character from responding in damages for the looseness of his tongue. Or it may not have entered the mind that the time would come when men could wantonly assail the reputation of woman’s chastiy. But we are bound by the stubborn rule of authority, and the remedy is by legislative action.
The words in this case import nothing else, legally or according to the common acceptation of those words, than a modest way of charging illicit intercourse between a man and a woman. The more delicate and covert the charge, the keener the injury. When the defendant said, "I looked over the transom-light and saw Mrs. Pollard in bed with Captain Denty,” who would doubt his meaning? If the charge was true, defendant could have justified; if untrue, he should be held to answer for the wrong committed. It is to be regretted that the rule in Ohio and Iowa is not the rule of the common law in governing us.
But we are bound by the rule that the charge must be in words which, if true, would subject the accused to an indictment. There is moral turpitude in the charge made; but the plaintiff could not be indicted even if the truth of the charge was established. The act of Maryland of 1719 removed the infliction of corpora! punishment for fornication, and the act of 1786 repealed all proceedings for the punishment of fornication. We think that we are forced, however reluctant to do so, by the mandate of authority, to'arrest the judgment.